UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. NET YET ASSIGNED

PIMAN FEST, FRANDY CARDICHON, and,
JUVENIA MACKENSIE,

    Plaintiff,

v.

CITY OF LAUDERHILL,

    Defendant.

_____/

    Plaintiffs PIMAN FEST, FRANDY CARDICHON, and JUVENIA MACKENSIE through its undersigned counsel, bring this suit against Defendant CITY OF LAUDERHILL. By this Complaint, Plaintiffs seek declaratory relief, costs and attorney's fees, as well as any other relief to which they may be entitled.

**NATURE OF ACTION**

1.     This case arises from an effort by the CITY OF LAUDERHILL to ban people from speaking in a public forum because it disagrees with their ideas and disapproves of their racial orientation and national origin.

2.     In May 2017, Plaintiffs PIMAN FEST and two of its leaders, Plaintiffs FRANDY CARDICHON, and JUVENIA MACKENSIE, decided to plan an event to celebrate Haitian Flag Day on May 18, 2018. They wanted to celebrate the local Haitian community and send a message in support of equality, dignity, and pride for Haitians residing in the City of Lauderhill.

3.     Carefully adhering to all guidelines, Plaintiffs submitted a permit application to the CITY OF LAUDERHILL. For most people and/or entities who plan events in Lauderhill, this process is straightforward: in virtually every prior instance for which detailed records are publicly available, the permit application was handled both judiciously and was subsequently approved.

4. Plaintiffs' application, on the other hand, was subjected to an irregular procedure that involved the City of Lauderhill losing the application, not notifying the applicants that their application was lost until approximately one (1) month before the scheduled event. Once the Plaintiff's submitted a new application, Defendant provided additional obstacles that would deter Plaintiff's from having said event. Such obstacles were: city police being short-staffed for the event and the payment of a $15,000 lump sum, for Lauderhill Mall, a venue where the event was not to take place.

5. Defendant's irregular procedures and denial of Plaintiffs' permit application constitutes impermissible viewpoint and content discrimination in violation of the First Amendment to the United States Constitution.

6. In addition, the City's discriminatory treatment of Plaintiffs—based solely on animus toward Haitian persons and groups that support their equal dignity violated Plaintiffs' right to the equal protection of the law pursuant to the Fourteenth Amendment.

## JURISDICTION AND VENUE

7. Plaintiffs bring this action pursuant to 42 U.S.C. §1983 for violations of the First and Fourteenth Amendments to the United States Constitution.

8. This case arises under the United States Constitution and the laws of the United States. The case presents a federal question within this Court's subject-matter jurisdiction under Article III of the Constitution and 28 U.S.C. §1331.

9. The Court has jurisdiction to declare the rights of the parties and to award any further necessary and proper relief pursuant to 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988, and Fed. R. Civ. P. 65. The Court has authority to award costs and attorney's fees under 42 U.S.C. § 1988.

10. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)

because the events giving rise to Plaintiff's claims occurred in Lauderhill, Florida which is within the Southern District of Florida.

## PARTIES

11. Plaintiff PIMAN FEST is, and was at all relevant times to the Complaint, a grassroots community organization of several individuals who share a commitment to equality and dignity for Haitian persons. The organization's members communicate with one another through group email lists and the online platform WhatsApp, in addition to hosting regular, in- person meetings.

12. Plaintiff Frandy Cardichon is, and was at all relevant times to the Complaint, a resident of Broward County, Florida and is African American and of Haitian origin.

13. Plaintiff Juvenia Mackensie is, and was at all relevant times to the Complaint, a resident of Broward County, Florida and is African American and of Haitian origin.

## FACTS GIVING RISE TO THIS ACTION

14. In May 2017, Plaintiffs PIMAN FEST and two of its leaders, Plaintiffs FRANDY CARDICHON, and JUVENIA MACKENSIE, decided to plan an event to celebrate Haitian Flag Day on May 18, 2018. They wanted to celebrate the local Haitian community and send a message in support of equality, dignity, and pride for Haitians residing in the City of Lauderhill.

15. Piman Fest spent considerable time and energy coordinating the event with local businesses, vendors, community members, entertainers, disk jockeys, rappers, and bands. Plaintiff's also spent money printing promotional materials, advertising on radio airwaves, which noted that the event was to take place on May 18, 2018.

16. In the City of Lauderhill, organizers of special events are required to submit a "Special Event Application" to the City Manager.

17. Adhering to this procedure Piman Fest submitted its application on or around May 2017, one (1) year in advance of the scheduled date of the event.

18. Plaintiffs had no reason to be concerned as to whether their application was moving smoothly through the City Manager's office, as they were assured to numerous conversations that "all was well."

19. It wasn't until Plaintiffs visited the City Manager's office (two (2) months prior to the 2018 scheduled event) when they learned, for the first time, that their application was lost.

20. Upon learning this new fact, which the City failed to notify Plaintiff's of, Plaintiff's hand-delivered a new application to the City Manager. Again, Plaintiffs' believed that their event was going to go forward despite these procedural irregularities.

21. Shortly thereafter, Plaintiffs were advised that the event could not take place because the Broward Sheriff's Office (BSO) did not have enough deputies to staff the event, notwithstanding the fact that Plaintiff's application was originally filed one (1) year in advance.

22. Plaintiffs contacted BSO and BSO referred Plaintiffs to Florida Highway Patrol (FHP) to determine whether FHP would be able to staff the event, since BSO were allegedly unable to do so. FHP stated to Plaintiffs that it would be able to staff the event.

23. At this point, Plaintiffs, again, believed that the event would go forward, as they had followed all the instructions and guidelines of the Defendant. Approximately one (1) week prior to the event, the City of Lauderhill notified Plaintiffs that they must remit $15,000.00 to the City to secure Lauderhill Mall, a venue that is not the applied-for location in the permit. Such *ad hoc* requirements so close to the event date are so distinctly irregular that they are evidence of viewpoint bias against Plaintiffs.

24. The event permit was subsequently denied because Plaintiffs did not remit the aforementioned payment, which was not a requirement of the Special Event(s) Permit. In fact, Plaintiff's learned about this financial obstacle one (1) week prior to the event, even though the Plaintiffs submitted their permit request one (1) year in advance.

25. The Application outlined an event that was similar in material respects to events that have routinely been approved by the Defendant. In their Application, Plaintiffs stated that their event would take place on May 18, 2018.

26. As of the date of this filing, the only reason the City provided for denying the permit was that it was concerned about the Lauderhill Mall, which is not the site of the event, and that the Plaintiffs should have paid the last-minute $15,000 required to secure it.

## FIRST CLAIM FOR RELIEF
### (First Amendment – 42 U.S.C. §1983)

27. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs in this Complaint.

28. Defendant's denial of Plaintiffs' Application violated and continues to violate Plaintiffs' rights to freedom of speech, assembly, and petition guaranteed by the First Amendment of the United States Constitution, as applied to the states by the Fourteenth Amendment.

29. Defendant's denial of Plaintiffs' Application was based on their viewpoint and the content of the speech at issue. The denial was not necessary to achieve any compelling government interest.

30. Plaintiffs have a cause of action for violation of their constitutional rights to freedom of speech, under the Civil Rights Act, 42 U.S.C. §1983.

## SECOND CLAIM FOR RELIEF
### (Equal Protection – 42 U.S.C. § 1983)

31. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs in this Complaint.

32. Defendant's denial of Plaintiffs' Application has violated and continues to violate Plaintiffs' rights to equal protection of the law guaranteed by the Fourteenth Amendment to the

United States Constitution.

33. Defendants' denial of Plaintiffs' Application was based on discrimination against Plaintiffs on the basis of sexual orientation.

34. Plaintiffs have a cause of action for violation of their constitutional right to equal protection, under the Civil Rights Act, 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays for the following relief:

(i) A judgment declaring that Defendant's denial of Plaintiffs' Application violates the First and Fourteenth Amendments to the United States Constitution;

(ii) Reasonable attorneys' fees and costs; and

(iii) Any other relief to which Plaintiffs may be entitled.

Dated: September 19, 2018                              Respectfully submitted,

                      Ernesto J. Buitrago, Esq.
                      FL. Bar No.: 113660
                      Ebuitrago@buitragolawfirm.com
                      Buitrago Law Firm
                      2933 W. Cypress Creek Rd., Suite 201
                      Fort Lauderdale, FL. 33309
                      Tele: 954-532-0990
                      *Attorney for Defendant*


By: /s/ Ernesto J. Buitrago, Esq.
     Ernesto J. Buitrago, Esq.
     Florida Bar No.: 113660